UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY TYKEKUS JONES                                                               PLAINTIFF

v.                          Civil No. 6:16-CV-06068

OFFICER DUSTIN BURNETT, *et. al.*                                                 DEFENDANTS

## ORDER

Plaintiff, Timothy Tykekus Jones, submitted this *pro se* action for filing on June 30, 2016. (ECF No. 1). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute. Also before the Court is Defendants' Motion to Dismiss. (ECF No. 19).

### I.     BACKGROUND

Plaintiff filed his complaint on June 30, 2016. (ECF No. 1). An order granting IFP was entered on June 20 2016. (ECF No. 3). In this order, Plaintiff was advised his case could be dismissed if he did not keep the Court apprised of his current address.

On December 9, 2016, mail sent to Plaintiff in the Arkansas Department of Correction was returned as undeliverable, noting Plaintiff was no longer at the ADC. Research by the Court indicated Plaintiff's address should be changed to 2803 Cabrillo Avenue, Santa Clara, California. This address remains the current address of record for Plaintiff. Mail sent to Plaintiff at this address was returned as undeliverable on January 9, 2017. On April 20, 2017, Defendant filed a Motion to Compel Discovery from Plaintiff. (ECF No. 17). This Order was granted on April 24, 2017. (ECF No. 18). The Order was returned as undeliverable on May 5, 2017. On May 17, 2017, Defendants filed a Motion to Dismiss, stating they had not received the required discovery responses. (ECF No. 19).

Plaintiff has not communicated with the Court since filing a Motion to Correct Clerical Mistake on August 31, 2016. (ECF No. 12).

## II. LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find

that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 6th day of October 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE